**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **RICHARD JONES, JILL JONES,** ) | 1:08-CV-01137 AWI DLB |
| ) | |
| Plaintiffs, ) | **ORDER GRANTING** |
| v. ) | **DEFENDANT'S MOTION TO** |
| ) | **DISMISS** |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**BACKGROUND**

This is an action brought under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b), to recover for personal injuries sustained at the Wawona Hotel located in Yosemite National Park. Defendant United States of America has moved to dismiss, or in the alternative, for summary judgment, contending, *inter alia*, that under the FTCA the United States cannot be held liable for the acts or omissions of an independent contractor. For the reasons that follow, the court will grant Defendant's motion.

**FACTS[1]**

The Wawona Hotel is owned by the United States and is managed by Delaware North Companies, Inc. ("DNC") pursuant to a concession contract entered into on October 1, 1993.

---

[1] These facts have been combined from the parties' submitted statements of undisputed facts and the parties' responses.

The concession contract covers the period between October 1, 1993 and September 30, 2008. The Wawona Hotel was assigned for use to DNC as part of the concession contract. The concession contract provides that DNC is responsible to "physically maintain and repair all facilities . . . including maintenance of assigned lands[.]"

On August 1, 2005, Plaintiff Richard Jones, an employee of DNC, stepped down into the entrance of the Wawona Hotel's boiler room and fell forward, striking his forehead and left arm on the boiler. As a result of the fall, Plaintiff broke his arm and suffered from headaches and a sore neck. The step down into the boiler room is nearly twelve inches in height. At the time of the accident, there was only one light in the boiler room and no warning sign regarding the step.

Plaintiff alleges that DNC is an agent, employee, or subcontractor of the United States. Plaintiff alleges that the United States negligently owned, controlled, maintained, managed and designed the boiler room and its entrance, which caused Plaintiff's injuries and damages. Plaintiff now sues for wage loss, medical and hospital expenses and other damages. Plaintiff Jill Jones, wife of Plaintiff Richard Jones, adds a derivative claim for loss of consortium of her husband. The United States argues that because DNC runs the Wawona Hotel as an independent contractor, it cannot be held liable for any negligent maintenance of the boiler room and its entrance.

**LEGAL STANDARD**

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a motion to dismiss for lack of subject matter jurisdiction. It is a fundamental precept that federal courts are courts of limited jurisdiction. Limits upon federal jurisdiction must not be disregarded or evaded. Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978). With a 12(b)(1) motion, a court may weigh the evidence to determine whether it has jurisdiction. Roberts v. Corrothers, 812 F.2d 1173, 1177 (9th Cir. 1987). However, where "the jurisdictional issue and substantive claims are so intertwined that resolution of the jurisdictional question is dependent on factual issues going to the merits, the district court should employ the standard applicable to a motion for summary

judgment." Rosales v. United States, 824 F.2d 799, 803 (9th Cir. 1987).

The court must therefore determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Suzuki Motor Corp. v. Consumers Union of United States, Inc., 330 F.3d 1110, 1131 (9th Cir. 2005) (citation omitted). "The court must not weigh the evidence or determine the truth of the matters asserted but must only determine whether there is a genuine issue for trial." Summers v. A. Teichert & Son, Inc., 127 F.3d 1150, 1152 (9th Cir. 1997).

## DISCUSSION

"A party may bring an action against the United States only to the extent that the government waives its sovereign immunity." Valdez v. United States, 56 F.3d 1177, 1179 (9th Cir. 1995). The FTCA provides for a limited waiver of sovereign immunity, allowing suits against the United States for injuries "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment[.]" 28 U.S.C. § 1346(b)(1). The FTCA defines "employee of the government" to include "officers and employees of any federal agency" but excludes "any contractor with the United States." 28 U.S.C. § 2671. "[T]he critical test for distinguishing an agent from a contractor is the existence of federal authority to control and supervise the 'detailed physical performance' and 'day to day operations' of the contractor." Autery v. United States, 424 F.3d 944, 956 (9th Cir. 2005) (citations omitted).

Plaintiff's opposition concedes that DNC is an independent contractor. See Opposition at 4:3-4. The court agrees. There is substantial evidence that DNC is an independent contractor. The FTCA makes clear that the United States cannot be sued for the acts or omissions of an independent contractor. Thus, there is no genuine issue of material fact and the United States is sovereignly immune with respect to Plaintiff's vicarious liability claim based on DNC's negligence. This claim is dismissed with prejudice and without leave to amend.

1    The language in Plaintiff's complaint vaguely suggests the possibility of a direct
2 negligence claim against the United States.  In the opposition, Plaintiff contends that Defendant is
3 directly negligent for Plaintiff's injury because Defendant retained control over construction and
4 modification projects for the Wawona Hotel and approved the concrete pour that created the
5 dangerous boiler room step.  See Opposition at 1:9-11.  However, the court cannot make any
6 ruling concerning Defendant's potential liability based on a retained control theory because this
7 theory was not adequately plead in the complaint.  The "complaint guides the parties' discovery,
8 putting the defendant on notice of the evidence it needs to adduce in order to defend against the
9 plaintiff's allegations."  Coleman v. Quaker Oats Co., 232 F.3d 1271, 1292-93 (9th Cir. 2000).
10 Thus, "[a] plaintiff cannot raise a new theory of liability in the plaintiff's opposition to a motion
11 for summary judgment or summary adjudication."  Torres v. City of Madera, 655 F. Supp. 2d
12 1101, 1128 (E.D. Cal. 2009) (citations omitted).  Therefore, at this time, the court expresses no
13 opinion with respect to whether subject matter jurisdiction would exist over a direct negligence
14 claim.  Plaintiff may file an amended complaint based on a direct negligence theory.

## CONCLUSION

16    Based on Plaintiff's concession and the undisputed facts before the court, the court finds
17 that DNC is an independent contractor.  The United States cannot be held liable for any acts or
18 omissions of DNC under the FTCA.  Therefore, the court lacks subject matter jurisdiction over
19 any claim premised on vicarious liability.

20    Accordingly, IT IS HEREBY ORDERED that Defendant's Motion to Dismiss
21 is GRANTED with respect to Plaintiff's vicarious liability claim.  Dismissal is with prejudice and
22 without leave to amend.  Plaintiffs have thirty (30) days to file an amended complaint based on a
23 direct negligence theory.

24 IT IS SO ORDERED.

25
Dated:    December 22, 2010
26                                                                                CHIEF UNITED STATES DISTRICT JUDGE

4